## Commonwealth v. Sukena.

N. C. Watkins, for motion; C. A. Snyder, District Attorney, contra.

KOCH, P. J., July 2, 1928.—The defendant was committed to prison on April 26, 1928, on the charge of murdering his wife very shortly prior thereto. Our next term of criminal court, at which the case was triable, began on Monday, May 7th, and lasted for two weeks, and the defendant was indicted on the 12th of said month. Our June Term of said court began on Monday, June 18, 1928, and lasted for two weeks, the last day being on Saturday, June 30th, and as the case had not been tried prior to that time, the defendant's counsel has moved for his discharge from prison in accordance with the provisions of section 54 of an act entitled "An act to consolidate, revise and amend the laws of this Commonwealth relating to penal proceedings and pleadings," approved March 31, 1860, P. L. 427. Said section is as follows:

"If any person shall be committed for treason or felony, or other indictable offence, and shall not be indicted and tried sometime in the next term, session of oyer and terminer, general jail delivery, or other court where the offence is properly cognizable, after such commitment, it shall and may be lawful for the judges or justices thereof, and they are hereby required on the last day of the term, sessions of court, to set at liberty the said prisoner upon bail, unless it shall appear to them, upon oath or affirmation, that the witnesses for the commonwealth, mentioning their names, could not then be produced; and if such prisoner shall not be indicted and tried the second term, session or court after his or her commitment, unless the delay happen on the application or with the assent of the defendant, or upon trial he shall be acquitted, he shall be discharged from imprisonment: Provided always, That nothing in this act shall extend to discharge out of prison any person guilty of, or charged with, treason, felony or other high misdemeanor in any other state, and who by the Constitution of the United States ought to be delivered up to the executive power of such state, nor any person guilty of, or charged with, a breach or violation of the laws of nations."

When the application was made, we heard the district attorney in opposition, and, after due consideration, we think the prisoner is entitled to have his motion granted. We are satisfied that the case could have been tried at the June Term. We are aware of the fact that many cases remain untried, but prisoners are entitled to have their cases tried in preference to defendants who are at liberty under bail. No sufficient reason has been made to appear for the refusal of this motion.

The language of the act requiring the prisoner's discharge from prison at this time is imperative. His discharge from prison does not imply an end of the case against him. His case simply remains open for trial hereafter upon due and proper notice given to the defendant of the time when his case will be called. The motion is granted and the prisoner is discharged.

From M. M. Burke, Shenandoah, Pa.